# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| JEFFREY AND JENNIFER HORRELL, on behalf of themselves and others similarly situated,<br>      Plaintiffs<br><br>V.<br><br>SBC COMMUNICATIONS INC. and SBC ADVANCED SOLUTIONS, INC.,<br>      Defendants | § § § § § § § § § § § § | No.  5:05CV88 |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendants filed objections to the Report and Recommendation.  The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Plaintiffs, on behalf of a purported class of consumers, claim that Defendants violated the antitrust laws by offering high-speed Internet access using digital subscriber line technology ("DSL service") in conjunction with voice service provided over the same telephone line, while failing to offer DSL service on a stand-alone basis. Plaintiffs argue that the alleged conduct constitutes monopolization of the market for voice service in violation of Section 2 of the Sherman Act, and tying (with DSL as the tying product and voice service as the tied product) in violation of Section 1 of the Sherman Act.  Defendants moved to dismiss for lack of standing and for failure to state a

claim, relying in part on two prior district court decisions. *Levine v. BellSouth Corp.*, 302 F. Supp. 2d 1358 (S.D. Fla. 2004), *aff'd*, No. 04-10819 (11th Cir. Apr. 11, 2005)(per curiam); *Greco v. Verizon Communications Inc., et al.*, No. 03 CV 718 (KMW), 2005 WL 659200 (S.D.N.Y. Mar. 22, 2005).

## REPORT AND RECOMMENDATION

On February 16, 2006, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' motion to dismiss be denied without prejudice to refiling. The Magistrate Judge recommended Plaintiffs be given an opportunity to take limited discovery for purposes of filing an amended complaint within 60 days. Defendants do not object to allowing Plaintiffs to continue to pursue the discovery allowed under the scheduling order entered by the Magistrate Judge.

## DEFENDANTS' OBJECTIONS

Defendants raise objections with regard to the following aspect of the Report and Recommendation only – the recommendation that the Court reject Defendants' defense, under the filed tariff doctrine, to Plaintiffs' claim for damages based on the alleged "supracompetitve" price for the local voice service that Plaintiffs purchased. According to Defendants, the Magistrate Judge's statements suggesting the filed rate doctrine does not bar Plaintiffs' claim for damages are incorrect, and the principle applies here. Defendants assert the Court should dismiss Plaintiffs' claim for damages.

## *DE NOVO* REVIEW

The Report and Recommendation recommends the Court reject Defendants' argument that Plaintiffs' damages claims are barred by the filed rate doctrine. The Report points to two exceptions

to the filed rate doctrine that might apply. First, the Report states "the filed rate doctrine does not bar claims for 'damages attributable to acts other than agreements to fix [tariffed] rates.'" Report and Recommendation at pg. 32 (alteration in original). The Report stated this limitation might be apposite because "according to Plaintiffs, they do not challenge the reasonableness of the rate or the process by which the rate was set; they challenge the tying arrangement that requires them to purchase voice telephone service from SBC rather then from a competitor." Second, the Report states that "the filed rate doctrine does not bar damages claims based on the availability of lower-priced alternatives" and notes that "Plaintiffs have alleged SBC's conduct prevented them from taking advantage of 'lower priced local phone service from [SBC's competitors].'" Report and Recommendation at pg. 32 (alteration in original), *quoting* Compl. at ¶ 8. The Report concludes that the Magistrate Judge was not convinced the filed rate doctrine mandated dismissal and that Defendants' arguments can be addressed when Plaintiffs' damages theories are fully developed and presented at a later stage in the litigation. Report and Recommendation at pg. 33.

"The filed rate doctrine bars judicial recourse against a regulated entity based upon allegations that the entity's 'filed rate' is too high, unfair or unlawful." *Texas Commercial Energy*, 413 F.3d at 507. "'Simply stated, the doctrine holds that any 'filed rate' – that is, one approved by the governing regulatory agency – is per se reasonable and unassailable in judicial proceedings brought by ratepayers.'" *Id.* at 508 (*quoting Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994)). The filed rate doctrine "has been an established guidepost at the intersection of the antitrust and interstate commerce statutory regimes for some [eight] decades." *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 423 (1986). Since the 1920's, the filed rate doctrine "has barred antitrust recovery by parties claiming injury from the payment of a filed rate for goods or

services." *County of Stanislaus v. Pacific Gas and Elec. Co.*, 114 F.3d 858, 862 (9th Cir. 1997)(acknowledging criticism of the doctrine but noting the Supreme Court has affirmed its vitality in *Square D*). "[T]he filed rate doctrine is very much a part of current federal antitrust laws. It has been consistently applied as a defense to antitrust actions by various circuits and by the Supreme Court for decades." *Texas Commercial Energy*, 413 F.3d at 508. "'[C]ourts have uniformly held . . . that the rationales underlying the filed rate doctrine apply equally strongly to regulation by state agencies.'" *Id.* at 509 (*quoting Wegoland*, 27 F.3d at 20).

Here, Defendants assert this bright line rule bars Plaintiffs' damages claim because Plaintiffs' claim of damages depends exclusively on the "supracompetitive prices" that Defendants allegedly charge for local phone service. Compl. at ¶ 3. According to Defendants, the local telephone rates that Plaintiffs pay are established in tariffs that are filed with the Texas PUC pursuant to the Texas Public Utility Regulatory Act – the very statute that gave rise to the decision in *Texas Commercial Energy*. Thus, Defendants contend Plaintiffs seek to "bring an antitrust action against carriers in connection with tariffs paid." *Texas Commercial Energy*, 413 F.3d at 507. Defendants state this is "precisely what the filed rate doctrine prohibits." *County of Stanislaus*, 114 F.3d at 863. Defendants maintain Plaintiffs have squarely alleged that the payment of filed rates is the source of their injury, their damages claim is barred.

Defendants rely, in part, on *Square D Co. v. Niagra Frontier Tariff Bureau, Inc.*, 476 U.S. 509 (1986), wherein the plaintiffs alleged that the defendants engaged in a conspiracy to "fix, raise and maintain prices and to inhibit or eliminate competition for the transportation of freight by motor carriers. . ." by using "pressures, threats, and retaliation to interfere with independent actions." The plaintiffs further alleged the defendants, in furtherance of the conspiracy, filed the fixed tariffs with

4

the Interstate Commerce Commission. *Id.* at 412-413. The appellate court had stated the filed tariff doctrine applied "where the damages sought relate to filed tariffs resulting either "from a combination to file higher tariffs or *from a combination to prevent others from taking independent action to file lower tariffs.*" *Square D*, 760 F.2d at 1365 (emphasis added). The Supreme Court affirmed the judgement of the Second Circuit. Defendants maintain the Supreme Court's holding that the filed rate doctrine barred the claim in *Square D* applies fully here. According to Defendants, complaints about rates can often be recast as a complaint about the inability to pay lower rates to others. But where a plaintiff's alleged harm stems from the payment of such tariffed rates, any claim for damages is barred.

Defendants' arguments as to why Plaintiffs' damages claims are barred by the filed rate doctrine are persuasive. However, the Court agrees with the Magistrate Judge that Defendants' 12(b)(6) motion to dismiss based on the applicability of the filed rate doctrine does not mandate dismissal of Plaintiffs' claim for damages at this time. Dismissal is premature at this stage especially given Plaintiffs have not had the opportunity to amend.[1] The issue before the Court is not so much whether Plaintiffs will actually be able to amend their complaint to state a proper claim for damages, but whether Plaintiffs should be given an opportunity to do so. The Magistrate Judge not only recommended this portion of Defendants' motion be **DENIED** at this time, without prejudice to

---

[1] The Court notes that in *Square D*, the Second Circuit remanded the case to the district court, noting that on remand, the appellants should be afforded the opportunity to amend their complaint to state a claim for damages consistent with *Keogh v. Chicago & N.W. Ry.*, 260 U.S. 156 (1922). *Square D*, 760 F.2d at 1365-66. The appellate court noted such a claim would be subject to any appropriate motions be appellees. Similarly, in *County of Stanislaus*, the Ninth Circuit noted the district court, in ruling on the defendants' first 12(b)(6) motion to dismiss, granted the plaintiffs leave to amend the complaint. "The district court [later] granted defendants' renewed motion to dismiss on a number of grounds without leave to amend." *County of Stanislaus*,114 F.3d at 863.

refiling, but she also recommended Plaintiff be ordered to file, within sixty days, an amended complaint addressing the issues raised in this Report and Recommendation. Plaintiffs are advised that by entry of this Order, adopting the Report and Recommendation, they are being given their one opportunity to amend to correct any deficiencies in their complaint.

In sum, Defendants' objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Docket Entry # 13) is hereby **DENIED WITHOUT PREJUDICE TO REFILING**. It is further

**ORDERED** that Plaintiffs shall file, within sixty days from the date of entry of this Order an amended complaint addressing the issues raised in this Report and Recommendation.

**SIGNED this 14th day of March, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE